UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL N. LAZARIDIS,

      Plaintiff,                                  Case No. 1:07-fp-376

v.                                                  Hon. Gordon J. Quist

RICHARD DONKER, et al,

      Defendants.
_____/

**OPINION**

        Plaintiff, who is residing in Greece, seeks to file a lawsuit in this court against various state judges, state court personnel, a deputy sheriff, a special agent of the F.B.I., several attorneys, his former wife, and others. Pending before the court is plaintiff's motion for permission to proceed *in forma pauperis*. 28 U.S.C. § 1915, which authorizes the commencement of an action without pre-payment of fees by a person who is unable to pay such fees, also provides that the court shall dismiss the case at any time if the court determines the action is frivolous or malicious. § 1915(e)(2)(B)(i). For the reasons stated below, this action will be dismissed.

        This is not the first time this plaintiff has attempted to sue several of the present defendants in this court. In 2005, he commenced a defamation action *pro se* against the Herald Company, Inc., a/k/a The Grand Rapids Press, and B.V.H., Inc., both defendants here, and another defendant, Advance Internet NY, L.L.C., after a newspaper article printed in the Grand Rapids Press portrayed plaintiff as a kidnaper. According to the court's opinion dismissing that action, the newspaper article indicated that after plaintiff and his ex-wife divorced, plaintiff surreptitiously fled

1

the United States with his young daughter, and that plaintiff then resided in Greece on the island of Crete, where he resides today. *Lazaridis v. The Herald Company,* 5:05-cv-111, Opinion of Judge Enslen dated January 26, 2006. Shortly after the article was published, the Ottawa County Circuit Court issued a felony arrest warrant against plaintiff. Plaintiff was aware of the warrant but refused to answer it because he contended, among other things, that Michigan had no jurisdiction over him. Plaintiff claimed that he was not a kidnapper when he filed the defamation action. Defendants thereupon filed a motion to dismiss contending the plaintiff was a fugitive under the doctrine of fugitive disentitlement. *See, Degen v. United States,* 517 U.S. 820, 823 (1996). This court found plaintiff to be a fugitive, who was reaching back into the United States for the limited purpose of suing defendants while refusing to acknowledge or answer an outstanding warrant for his arrest. Plaintiff's complaint was dismissed without prejudice.

Plaintiff appealed dismissal of his action to the Sixth Circuit Court of Appeals which affirmed the judgment of this court. *Lazaridis v. The Herald Company,* No. 06-1830, United States Court of Appeals for the Sixth Circuit, March 13, 2007, finding that "[t]he district court did not err in determining that Lazaridis is a fugitive." *Id.* In its opinion, the Sixth Circuit set forth the law of the fugitive disentitlement doctrine in this circuit.

> "The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled [criminal proceedings] in a court in the United States." *In re Prevot,* 59 F.3d 556, 562 (6th Cir. 1995). Although it was first applied in fugitives' criminal appeals, the doctrine is also applicable in civil cases to which a fugitive is a party. *See id.* at 562, 563-65; *Walsh v. Walsh,* 221 F.3d 204, 214-215 (1st Cir. 2000). Dismissal of an action on the basis of fugitive disentitlement is proper if "(1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) [dismissal] is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine." *Magluta v. Samples,* 162 F.3d 662, 664

(11th Cir. 1998).  A district court's decision to apply the doctrine is reviewed for abuse of discretion.  *See id.; Prevot,* 59 F.3d at 561-62.

The court found that this court "did not err in determining that Lazaridis is a fugitive." *Id.*  It further found that Lazaridis's civil action was based in substantial part on the defendants' claims that Lazaridis kidnaped his daughter, and that Lazaridis's insistence that he was innocent of kidnaping was thus a common thread that connected the civil action to Lazaridis's fugitive status, sufficient to support application of the fugitive disentitlement doctrine.  *Cf. Prevot* 59 F.3d at 566-67.  Finally, the appellate court found that Lazaridis's residence abroad and his unwillingness to travel from Greece to Michigan would likely cause delays and other difficulties in the administration of his lawsuit, that defendants might be prejudiced by the costs of taking depositions in foreign nations, and that should defendants prevail at trial, recovery of these and other costs from Lazaridis would be impossible or impractical.  "Indeed," the court found, "any judgment or order requiring action on Lazaridis' part would be unenforceable as a practical matter."  Noting that the bar to litigation in American courts would only last so long as Lazaridis refused to answer the Ottawa County arrest warrant, and that dismissal of his action would not prejudice his rights with respect to the custody of his daughter, the Appellate Court found that the harshness of the sanction of dismissal was outweighed by the pragmatic concerns noted, and it affirmed this court's dismissal of Lazaridis' action without prejudice, on the ground that Lazaridis' refusal to answer the kidnaping warrant disentitled him from using civil process to obtain relief in a related matter.  *Id.*

In the present action, plaintiff has returned to this court, naming two of the same defendants he previously sued along with various state court judges, a prosecutor, court officials, various attorneys, his ex-wife and others.  Plaintiff's claims against these individuals range from

3

violation of his rights to counsel in defense of a criminal charge, wrongful termination of parental rights, violation of procedural and substantive due process, and a claim that the outstanding arrest warrant to which he refuses to respond, was issued without probable cause and in violation of the prohibition against unreasonable searches and seizures (claim 5), as well as various civil damages actions and other claims. Plaintiff, by his own admission in the complaint, remains in Greece where he is raising his daughter. Complaint, ¶ 7.

The October 7, 2004 felony warrant for kidnaping remains outstanding. See Complaint, ¶ 215 and Prayer for Relief. Lazaridis's fugitive status unquestionably has a connection to his present civil action, even more so than the previous action, since plaintiff now seeks to have Michigan's kidnaping and custodial interference statute underlying the warrant (MCL 750.350a) declared unconstitutional and to have the warrant itself be declared unconstitutional and without effect, contending among other things that the warrant was issued on the basis of perjurious testimony and without probable cause. Complaint, ¶ 146. Finally, the concerns underlying the fugitive entitlement doctrine which necessitate dismissal have been previously discussed in the opinion of the Court of Appeals and remain unchanged. In short, plaintiff's attempt to litigate his arrest warrant from his *de facto* sanctuary in Greece because the defendants have denied him any "meaningful" opportunity to contest the arrest warrant in Ottawa County, Complaint, ¶ 215, is patently frivolous. "Lazaridis's mere belief that [the warrant] is invalid does not excuse him from his obligation to answer the charge." Court of Appeals Opinion at 3.

Accordingly, the court finds plaintiff's recent complaint is frivolous and it will be DISMISSED without prejudice. Plaintiff's motion for permission to proceed *in forma pauperis* and

other relief (docket no. 2) will be DENIED.  A judgment consistent with this opinion shall issue.


Dated:  July 11, 2007                                  /s/ Gordon J. Quist                              
                                                                      Gordon J. Quist
                                                                      United States District Judge